# Exhibit B

*Complaint*

THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING (KENT COURTHOUSE)

| | |
|---|---|
| MARCELA ERIVES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CARVANA, LLC, a foreign limited liability company duly licensed to do business in the State of Washington;<br><br>Defendant. | Case No. 22-2-07286-5 KNT<br><br>CIVIL COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

## I.   <u>INTRODUCTION</u>

This is a consumer protection action being brought to redress and restrain common law violations and violations of Washington State's Consumer Protection Act (RCW 19.86 *et seq.*), and Washington State's Auto Dealer Act (RCW 46.70 et seq.) against a national used car dealer for its more than seventeen (17) month delay in permanently transferring a car's title after Defendant received payment to do so and was therefore contractually obligated to effectuate the transfer so Plaintiff could register the subject vehicle in compliance with applicable laws; violations of Article 9 of the Uniform Commercial Code (UCC), (Ch. 62A RCW), for Defendant's breaches of contract; violations of the federal Fair Trade Commission, 15 U.S.C.

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

§45(a), for Defendant's deceptive or unfair business practices in or affecting commerce, which includes Defendant's presentation of a back-dated retail installment contract to Plaintiff that Defendant purported to contain identical terms to those set forth in the Parties' original agreement; and for violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., for Defendant's unauthorized hard inquiries made to Plaintiff's credit scores.

## II.    PARTIES

Plaintiff Marcela Erives:

1.      Plaintiff Marcela Erives ("Plaintiff") is a natural person and resident of 390 Taylor Ave NW, Renton, Washington, 98057 and therefore a "person" as defined by RCW 19.86.010(1), and a "consumer" by Section 1681a(c) of the federal Fair Credit Reporting Act.

Defendant CARVANA, LLC:

2.      Defendant, CARVANA, LLC (hereinafter "Defendant" or "Defendant CARVANA"), is a foreign limited liability corporation with a principal place of business located at 1720 W. Rio Salado Pkwy, Tempe, AZ 85281.

3.      Defendant CARVANA regularly conducts business throughout the state of Washington, including King County, as an online used car retailer, who is licensed to do business in the area of motor vehicle sales, and who was doing business in King County, Washington, during nearly all relevant times to the allegations and claims set forth within this Complaint under UBI: 604-322-588.

4.      Defendant is therefore "person" as defined by Washington's CPA, RCW 19.86.010(1); a "merchant" under RCW 62A.2-104; a "Vehicle Dealer" as defined by RCW 46.70.010(17), and a "person" under and a "consumer" by Section 1681a(b) of the FCRA.

## II.    JURISDICTION AND VENUE

5.      This Complaint arises out of a motor vehicle retail installment contract (hereinafter "RISC") that Defendant CARVANA unilaterally cancelled ("RISC #1"), and a

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

1   subsequent RISC (RISC #2) that Defendant backdated and then presented to Plaintiff more than

2   one year (1 year) after the original contract was entered by the Parties.

3        6.     During a substantial part of the time the events or omissions described herein

4   occurred, Defendant CARVANA did business in and/or acted in King County, Washington

5   relative to the motor vehicle sales transaction and allegations set forth in this Complaint.

6        7.     This Court therefore has jurisdiction over the Parties under RCW 2.08.010 as a

7   substantial part of the acts alleged herein occurred in King County. RCW 2.08.010. This court

8   also has jurisdiction over this matter under RCW 19.86 et seq., which permits any private right

9   of action brought under Washington's Consumer Protection Act (hereinafter "CPA") to be

10   brought in superior court. RCW 19.86.090.

11       8.     King County Superior Court is therefore the proper venue for this action pursuant

12   to RCW 4.12.010 as a substantial part of the events or omissions giving rise to the claims

13   described herein occurred in King County, and because the vehicle that is the subject of the

    action is situated in King County, Washington. RCW 4.12.010.

14

### III.   RELEVANT FACTS

15       9.     On or about December 1, 2020, Plaintiff ordered online a 2013 Honda Ridgeline

16   Truck (VIN: 5FPYK1F58DB012059) from CARVANA, LLC.

17       10.    On December 5, 2020, Plaintiff traveled to Tempe Arizona and executed and

18   entered with CARVANA, into RISC #1, with BRIDGECREST CREDIT COMPANY, LLC

19   (a/k/a and hereinafter "Bridgecrest Credit"), serving as the lender for the transaction. On

20   information and belief, RISC #1 included the following material terms:

21             a. a cash sale price of that is currently unavailable;

22             b. on information and belief, an annual percentage rate ("APR") of 7.617%;

23             c. a finance charge that is currently unknown; and

24             d. a total amount financed that is currently unknown.

25

PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES

*Marcella Erives vs. CARVANA, LLC*

- 3

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

11.     Defendant CARVANA delivered the subject vehicle to Plaintiff with temporary license tags/plates from the state of Tennessee, and continued to do so until July 2021, even though Tennessee does not permit renewal thirty (30) days after a temporary tag's issuance. Tenn. Code Ann 55-4-103(a)(1)-(2). *Exhibit A.*

12.     On or about December 10, 2020, CARVANA sent Plaintiff an email stating the vehicle registration process would be delayed because CARVANA was "missing documents." *Exhibit B.*

13.     From December 10, 2020 – November 2021, CARVANA sent Plaintiff no less than 13 emails, and subjected Plaintiff to endless phone calls requesting that Plaintiff sign a Generic Limited Power of Attorney for the state of New Mexico, and even though CARVANA was fully aware Plaintiff resided in Renton, Washington. *Exhibit C.*

14.     Defendant CARVANA's prolonged and ongoing failure to provide Plaintiff or Washington's DOL or Plaintiff with the paperwork necessary to register the subject vehicle has prevented Plaintiff from obtaining valid Washington State license plates/

15.     As a result of Defendant CARVANA's inability to supply Plaintiff with valid temporary license tags/plates every 30 days prior to their expiration date, Plaintiff was pulled over by law enforcement no less than 6 times by law enforcement due to expired or suspicious plates between December 2020 – November 2021.

16.     On or about June 25, 2021, Plaintiff filed a complaint with the Better Business Bureau of Western Washington. *Exhibit D.*

17.     On or about June 30th, 2021, Plaintiff was contacted by CARVANA employee Benjamin Grimm, (hereinafter "Grimm") who presented themself as CARVANA's advocate for addressing vehicle registration issues. According to Grimm, Plaintiff could resolve the registration issues by simply agreeing to "rebuild" the original RISC. Grimm told Client to

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

1  anticipate a $200.00 complimentary check for the inconvenience.[1]  However, Defendant's

2  Grimm provided no further explanation regarding what the proposed rebuild actually entailed.

3      18.    On or about August 23, 2021, Defendant's Grimm contacted Plaintiff stating that

4  CARVANA could no longer provide Plaintiff with temporary license tags/plates.

5      19.    On or about August 26, 2021, Defendant's Grimm contacted Plaintiff yet again

6  stating the then 9-month-long issues that prevented Defendant from promptly sending Plaintiff or

7  Washington's DOL the warranty of title and vehicle sale paperwork could be remedied if

8  Plaintiff simply agreed to "rebuild" RISC #1. Defendant CARVANA provided no additional

9  details regarding the proposal, nor did send Plaintiff anything to memorialize the ill-defined

10  proposal.

11      20.    Plaintiff responded by telling Defendant that Plaintiff wanted CARVANA to

12  address the issues preventing Plaintiff from being able to register their vehicle in Washington

13  State and made explicitly clear that Plaintiff would not enter any new contract if it did not

14  contain identical terms to those in RISC #1. Plaintiff also explicitly requested Defendant refrain

15  from taking any action that would impact their credit score being adversely.

16      21.    On or about September 1, 2021, Plaintiff attempted to make a timely monthly

17  payment through the online payment portal offered by Defendant CARVANA's preferred lender,

18  Bridgecrest Credit, but Plaintiff could not access their account. Plaintiff, who had been timely

19  with all previous payments, contacted Grimm the very next day to inform Defendant

20  CARVANA of the issues relating to payment.

21      22.    On or about November 6, 2021, Plaintiff received an email notification that

22  showed Defendant CARVANA had made a "hard pull" on Plaintiff's credit score. *Exhibit E.*

23  Plaintiff was confused and distressed because Plaintiff never provided CARVANA with

---

[1] The $200.00 complimentary check for inconvenience was never actually provided to Plaintiff.

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

1  authorization to do so and were explicit in wanting not part of any proposal that included an

2  adverse impact to their credit score.

3     23.    On or about December 13, 2021, Defendant CARVANA sent Plaintiff an email

4  directing Plaintiff to log into CARVANA's online dashboard to sign RISC #2, a recently rebuilt

5  RISC. According to Grimm, Plaintiff would be able to register the vehicle at issue in Washington

6  State after they signed the rebuilt RISC. *Exhibit F.*

7     24.    The rebuilt RISC gave Plaintiff immediate reason for pause because RISC #2 was

8  backdated and included an APR% of 7.638%, which was higher than the 7.617% agreed to by

9  the Parties at the time of contract formation and set forth within the four corners of RISC #1.

   *Exhibit G.*

10    25.    Defendant CARVANA then refused to provide Plaintiff with a copy of the RISC

11 #1, preventing Plaintiff from comparing the terms of RISC #1 to RISC #2.

12    26.    On December 28, 2021, Plaintiff notified Defendant CARVANA that Plaintiff

13 would not sign the "rebuilt" RISC because it included terms that Plaintiff knew were inconsistent

14 with the terms included within RISC #1. Plaintiff asked Defendant to explain the identified

15 discrepancy between RISC #1 and RISC #2, but CARVANA was silent in response.

16    27.    On or about January 11th, 2022, Plaintiff contacted Defendant's customer support

17 team and requested a copy of RISC #1 to make sense of the discrepancies between the original

18 RISC #2 and to make payment on the subject vehicle.

19    28.    On or about February 9, 2022, Defendant informed Plaintiff that CARVANA

20 would not provide Plaintiff with a copy of RISC #1.

21    29.    As a result of Defendant CARVANA's refusal to promptly execute the

22 assignment and warranty of title, and Defendant's subsequent and ongoing refusal to provide

23

24

25

PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES

*Marcella Erives vs. CARVANA, LLC*

- 6

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

Plaintiff a copy of RISC #1, Plaintiff was forced to put the subject vehicle in storage due to constant fears of being pulled over by law enforcement.[2]

30.     Plaintiff has since been unable to consistently travel to and from work because the subject vehicle was Plaintiff's only mode of transportation. Plaintiff has been placed on leave by their employer and suffered substantial distress over mounting bills due to $4,250.00 in lost earnings.[3] Meanwhile, Plaintiff has spent $5,000.00 spent on storage fees and $1,800.00 on vehicle insurance for truck that cannot be lawfully driven in the State of Washington.[4]

31.     Plaintiff, who is currently in school, has been unable to attend class consistently and will likely need to take additional time and exhaust additional funds to complete their program. Plaintiff has also been unable to attend much needed medical appointments as a result of limited access to transportation.

32.     On or about February 18, 2022, Plaintiff sent Bridgecrest Credit a request for RISC #1 & Security Agreement Documents associated with RISC #1, pursuant to 15 U.S.C. 1641(f)(2) and RCW 62A.9A-210. *Exhibit H.* Bridgecrest Credit has not responded to Plaintiff.

33.     On or about May 10, 2022, Bridgecrest Credit sent Plaintiff an email notification stating that Plaintiff's account was $3,509.00 past due. *Exhibit I.*

34.     On May 11, 2022, Plaintiff attempted to log onto Bridgecrest Credit's online payment portal to identify the accuracy of the charges but was denied access. *Exhibit J.*

### IV. CAUSE OF ACTION:

### FIRST CLAIM: BREACH OF CONTRACT FOR VIOLATION OF THE DUTY OF GOOD FAITH AND FAIR DEALING

35.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the paragraphs of this pleading as though fully stated herein.

---

[2] In Washington, failure to make initial registration before operating a vehicle on the public highways is a traffic violation and includes a monetary fine of five hundred twenty-nine dollars, which may not be suspended or reduced. RCW 46.16A.030.
[3] Prior to January 2022, Plaintiff averaged 40 hours of work per week x $21.23 per hour = $849.20 monthly.
[4] Plaintiff has spent nearly $1,000.00 per month on storage fees since January 2022.

PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES

*Marcella Erives vs. CARVANA, LLC*

- 7

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

36.     Under Washington State law, every contract like retail installment contracts drafted by Defendant is subject to an implied duty of good faith and fair dealing.

37.     Washington State's Dealers and Manufacturers Act (aka and hereinafter "Auto Dealers Act" or "ADA"), codified under RCW 46.70 et seq., defines good faith "as the duty of each party to any franchise to act in a fair and equitable manner towards each other, so as to guarantee one party freedom from coercion, intimidation, or threats of coercion or intimidation from the other party." RCW 46.70.180(14)(b).

38.     This duty of good faith obligates the parties to a contract to cooperate with each other so that each party may benefit from the full performance. *Rekhter v. State, Dep't of Soc. & Health Servs.*, 180 Wn.2d 102, 112 (2014).

39.     To identify whether a breach of the duty of good faith and fair dealing has occurred, Washington Courts have looked to a party's justified expectations under the contract. "The duty of good faith requires 'faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.'" *Edmonson v. Popshoi*, 172 Wn.2d 272, 280 (2011). (citing RESTATEMENT (SECOND) OF CONTRACTS 205 cmt. a (1981)); see *id.* cmt d ("[B]ad faith may be overt or may consist of inaction.").

40.     Defendant CARVANA knew or should have known their promises and statements to Plaintiff regarding the rebuilt RISC (RISC #2) were false, and Defendant therefore violated the duty of good faith and fair dealing when it made those statements to Plaintiff and/or when it presented Plaintiff with RISC #2.

41.     Defendant CARVANA knew it was not lawfully able to send Plaintiff temporary license tags/plates from Tennessee, and therefore violated in bad faith and unfair dealing each of the six ("6") times that it sent Plaintiff temporary license tags/plates from Tennessee.

42.     Defendant CARVANA also knew or should have known that it was not authorized to make any hard pulls to Plaintiff's credit scores because Plaintiff explicitly

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

requested for Defendant to refrain doing so on August 1, 2021, and yet Defendant proceeded to do so on at least three (3) different occasions, acts that also constitute violations of the duty of good faith and fair dealing.

43.    At present, Plaintiff has performed and otherwise made every reasonable effort to perform all the conditions, covenants, promises, and agreements required under the terms of the Parties' original agreement, RISC #1.

44.    Conversely, Defendant CARVANA has failed, neglected and otherwise refused to perform their part of the bargain or to tender such performance, such as their obligation of good faith requires in regard to the transaction involving the subject vehicle with Plaintiff

45.    As a direct or proximate result of CARVANA's failure to fulfill its obligation of good faith and fair dealing in relation to the sale of the subject vehicle and retail installment contracts described herein, Plaintiff has suffered injury in an amount to be proven at trial and can only be made whole by recission of the RISC #1 and a return of all monies paid to Defendant CARVANA to put Plaintiff back to status quo ante as of December 1, 2020.

**SECOND CLAIM: MATERIAL BREACH OF CONTRACT – FAILURE TO PERFORM**

46.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this pleading as though fully state herein.

47.    RISC #1 was not subject to Defendant CARVANA's future acceptance. It was unconditional acceptance. A binding contract was formed when the Parties affixed their signatures to RISC #1. *Plouse v. Bud Clary of Yakima, Inc.,* 128 Wn. App. 644, 645, 116 P.3d 1039, 1040 (2005).  Defendant CARVANA therefore did not have the option to accept or deny the original deal after financing was obtained in December 2020; CARVANA was required to perform, period.

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

48.     Consistent with the representations made by Defendant CARVANA prior to the Parties entering RISC #1, Plaintiff expected Defendant CARVANA to honor its promise to promptly execute the assignment and warranty of title in accordance with Washington State's Auto Dealers Act, codified as RCW 46.70 et seq. RCW 46.70.122(1). Furthermore, consistent with the representations made by Defendant CARVANA prior to its presentation of RISC #2 on December 10, 2021, Plaintiff expected Defendant CARVANA to honor its promise to provide a contract that contained identical terms to those set forth in RISC #1 and prompt execution of the assignment and warranty of title to Washington State's DOL.

49.     Plaintiff fully performed their obligations under the terms of the original agreement by making timely payment in consideration of the vehicle at issue until Defendant CARVANA and/or its assignee, Bridgecrest Credit suddenly removed Plaintiff's access from the financial institution online portal.

50.     Conversely, Defendant CARVANA, and without legal justification to do so, sent Plaintiff no less than 6 temporary license tags/plates from the Tennessee, a state that CARVANA was not lawfully entitled to issue temporary tags/plates from each of the six (6) times that it did so, in violation of the ADA. RCW 46.70.122.

51.     After repeated promises to effectuate the vehicle registration process that spanned nearly a full calendar year and as recent as June 2022, Defendant CARVANA simply erased RISC #1 for reasons that are still not yet fully known. Meanwhile, Plaintiff was left with a vehicle for which roughly $4,000.00 in timely payments were tendered that could not and cannot be lawfully operated in the State of Washington.

PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES

*Marcella Erives vs. CARVANA, LLC*

- 10

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

52.     When Defendant CARVANA provided Plaintiff the temporary license tags/plates to Plaintiff, Defendant concealed or otherwise withheld the fact that Defendant CARVANA was not authorized by the State of Tennessee to issue temporary license tags/plates.

53.     Plaintiff relied on Defendant's assurances to properly and timely facilitate the transfer of title paperwork to enable Plaintiff to register the vehicle in Washington at the time of purchase, and Plaintiff continued to rely on CARVANA's assurances to Plaintiff, which were made as recent as June 2022.

54.     As a direct and proximate result of Defendant's ongoing failure to promptly execute the assignment and warranty of title, Plaintiff has suffered monetary injuries.

55.     As of the date of this filing, Defendant CARVANA has still not provided Plaintiff or Washington State's DOL with the requisite paperwork that Defendant was required to promptly provide and that Plaintiff paid for as set forth in the original RISC that is currently being withheld by Defendant CARVANA.

### THIRD CLAIM: BREACH OF WARRANTIES
### (RCW 62A.2-314 and -315)

56.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this pleading as though fully state herein.

57.     Article 2 of the UCC, as adopted in Washington, governs warranties arising from the sale of goods. RCW 62A.2-313, -318.

58.     Under state law RCW 62A.2-314, every used car sold by a dealer in Washington for a customer's personal use has an "implied warranty of merchantability." Unless excluded or modified, a warranty that goods are merchantable "is implied in a contract for their sale," so long as the seller is a "merchant with respect to goods of that kind." RCW 62A.2-314(1).

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

59.     This implied warranty of merchantability assures that the goods "are fit for the ordinary purposes for which such goods are used." RCW 62A.2-314(2)(c).

60.     Similarly, unless excluded or modified, an implied warranty of fitness for a particular purpose arises "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." RCW 62A.2-315.

61.     Defendant CARVANA was a "merchant" under the provisions of RCW 62A.2-104; and therefore, an implied warranty of merchantability attached to the sale of the vehicle at issue. RCW 62A.2-104.

62.     Plaintiff relied on Defendant's representations, skills and judgment to furnish suitable goods, which includes Defendant Carvana's promises to effectuate the transfer of title paperwork necessary for Plaintiff to register and lawfully drive the vehicle at issue on public roadways in the state of Washington.

63.     Given the above-described affirmations of fact, promises, or descriptions regarding the vehicle at issue, Defendant breached the warranty inherent to a vehicle sale like the one at issue by selling Plaintiff a vehicle that could not be lawfully driven.

64     As a direct or proximate cause of Defendant's breaches of warranty as described herein, Plaintiff has suffered injury by loss of use, lost earnings, impaired credit scores, in addition to costs, attorney's fees, and lost time, energy and funds spent researching the underlying claims.

65.     Defendant CARVANA is therefore liable to Plaintiff for statutory damages and other damages, including, but not limited to actual economic damages, costs of bringing this suit and attorney's fees, in addition to other such relief this Court may deem proper. RCW 62A.2-714(1).

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

66.     Defendant therefore breached the implied warranty of merchantability inherent to motor vehicles sales like the one at issue and is liable to Plaintiff for statutory damages.

67.     Plaintiff is also entitled to other remedies, including, but not limited to actual economic damages, costs of bringing this suit and attorney's fees, in addition to other such relief this Court may deem proper. RCW 62A.2-714(1).

68.     The injuries suffered by Plaintiff may not be remedied other than by the rescission of all monies paid to the Defendant for the subject vehicle as to restore Plaintiff to status quo ante as of December 1, 2020, and such other equitable relief as the Court deems appropriate.

**FOURTH CLAIM: VIOLATION OF WASHINGTON STATE'S AUTO DEALER'S ACT FOR FRAUD AND MISREPRESENTATION (RCW 46.70.180)**

69.     Plaintiff incorporates by reference the allegations set forth in each of the preceding paragraphs of this pleading as though fully state herein.

70.     The Auto Dealers Act (hereinafter "ADA"), codified as RCW 46.70, et seq., "declares that the distribution, sale, and lease of vehicles in the State of Washington vitally affects the general economy of the state the public interest and public welfare..." RCW 46.70.005.

71.      The ADA makes it is unlawful for dealerships like Defendant CARVANA to disseminate in any manner any statement or representation with regards to the sale, lease, or financing of a vehicle which is false, deceptive, or misleading. RCW 46.70.180(1).

72.     The ADA provides a cause of action to any consumer who purchases a motor vehicle from a licensed dealer in Washington, "who has suffered a loss or damage" because of the dealer's violation of the ADA. RCW 46.70.027.

73.     Any violation of the ADA, including false, deceptive, or misleading advertising, is "deemed to effect the public interest and therefore constitutes a per se CPA violation." RCW 46.70.310.

PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES

*Marcella Erives vs. CARVANA, LLC*

- 13

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

74.     Plaintiff relied on Defendant CARVANA's representations that Defendant would remedy the issues prohibiting Defendant from providing Plaintiff the necessary paperwork to register and license the subject vehicle in Washington state, which was both reasonable and foreseeable.

75.     Plaintiff also relied on Defendant's representations each time CARVANA sent Plaintiff temporary license tags/plates from Tennessee, which was both reasonable and foreseeable.

76.     Plaintiff further relied on Defendant's assurances that CARVANA would remedy the issues related to the subject vehicle's registration by sending Plaintiff a new "rebuilt" RISC with identical terms to those found within RISC #1 without having any hard inquiries being made to Plaintiff's credit score, and Plaintiff's reliance on Defendant's assurances was reasonable and foreseeable.

77.     Plaintiff has suffered injury because of their reliance on CARVANA's misrepresentations at the time of sale, lease, or financing of a vehicle, which includes injuries suffered as a result of Plaintiff's reliance on the promises and assurances made by Defendant in June of 2022 regarding the rebuilt RISC, RISC #2.

78.     As a direct or proximate result of CARVANA's false, deceptive, or misleading representations as described herein, Plaintiff has suffered injury.

79.     Defendant CARVANA is therefore liable to Plaintiff for statutory damages and other remedies, which includes monetary penalties up to $1,000.00 per ADA violation, in addition to attorney fees and costs and other relief deemed proper and lawful by a court of competent jurisdiction that may be proven at trial. RCW 46.70.101.

80.     Defendant CARVANA's violations of the ADA as described herein also constitute a *per se* CPA violations, each of which also constitutes a violation of the CPA. RCW 46.70.310; and RCW 19.86 et seq.

PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES

*Marcella Erives vs. CARVANA, LLC*

- 14

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

**FIFTH CLAIM:** *PER SE* **VIOLATIONS OF THE CONSUMER PROTECTION ACT**
**(RCW 19.86** *et seq.***)**

81.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this pleading as though fully state herein.

82.     CPA declares "[u]nfair methods of competition and unfair or deceptive practices in the conduct of any trade or commerce…' to be unlawful." *Evergreen Collectors v. Holt,* 60 WN. App. 151, 154, 803 P.2d 10,12 (1991) (quoting RCW 19.86.020).

83.     "Trade" and "commerce" are defined terms under the CPA to include any commerce that directly or indirectly affects the people of the state of Washington. RCW 19.86.020.

84.     The CPA can be violated per se through the violation of a statute that is enforced through the CPA or by the commission of an unfair or deceptive practice that affects the public interest. *Blake v. Federal Way Cycle Ctr.,* 40 Wn. App. 302, 308, 698 P.2d 578; *review denied,* 104 Wn.2d 1005 (1985).

85.     Even minimal or nominal damages constitute "injury" under the CPA. *Panag v. Farmers Ins. Co. of Washington,* 166 Wn.2d 27, 57 (2009).

86.     Washington's State Supreme Court has made it clear that the area of motor vehicle business is a specific legislatively declared area of public interest. RCW 46.70.005.

87.     Defendant's acts or practices occurred within the sphere of commerce.

88.     Defendant CARVANA committed a per se violation of the CPA when it violated the mechanisms outlined in 46.70 et seq. by attempting to mislead Plaintiff by presenting RISC #2 as being identical to RISC #1. RCW 46.70.180(2)(a)(i).

89.     Defendant CARVANA also violated the CPA per se when it presented Plaintiff with RISC #2, which included different terms than those found within RISC #1. *Id.*

90.     Defendant CARVANA further violated the CPA per se each time it made a "hard pulls" to Plaintiff's credit score without having permission to do so, acts that constitute

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

representation with regard to the sale, lease, or financing of a vehicle which is false, deceptive, or misleading for the purposes of the ADA. RCW 46.70.180(1), and 15 U.S.C. § 1681.[5]

91.     CARVANA's unfair or deceitful acts or practices as described herein, which include CARVANA's backdating of RISC #1, unauthorized hard pulls on Plaintiff's credit scores, incorporation of a higher APR% into RISC #2, have the capacity to deceive a substantial portion of the public, in violation of the ADA. RCW 46.70.180(2)(a)(i), and therefore constitute violations of the CPA per se.

92.     As a direct and proximate cause of Defendant CARVANA's unfair or deceptive and acts or practices as described herein, Plaintiff suffered injury in the form of loss of use, suffered loss of income and endured substantial emotional distress as a result, and expended monies on other costs such as attorney's fees, in addition to lost time and energy spent researching the claims set forth in this Complaint.

93.     Defendant CARVANA is therefore liable to Plaintiff for their actual damages, treble damages up to $25,000.00 for each per se CPA violation set forth above, in addition to attorney fees, costs of bringing this suit, and such further relief as the Court may deem proper. RCW 19.86.090.

94.     Plaintiff is also entitled to injunctive relief against Defendant CARVANA in the form of a formal court order prohibiting CARVANA MOTORS, INC. from engaging in the alleged misconduct and such other equitable relief as the Court deems appropriate. *Id.*

95.     CARVANA's per se CPA violations as described herein are also non-per se violations of the CPA.

**SIXTH CLAIM:  NON PER SE VIOLATIONS OF WASHINGTON'S CPA FOR UNFAIR OR DECEPTIVE BUSINESS PRACTICES (RCW 19.86 et. seq.)**

---

[5] In Washington State, a person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses is subject to a fine of up to five thousand dollars or imprisonment for up to three hundred sixty-four days, or both. RCW 19.182.130A.

PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES

*Marcella Erives vs. CARVANA, LLC*

- 16

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

96.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this pleading as though fully state herein.

97.     The conduct described above and through this Complaint is deceptive within the meaning of the CPA. RCW 19.86.010.

98.     Washington State's legislature explicitly identified the purposes of the CPA: "to complement the body of federal law governing restraints on trade, unfair competition, and unfair, and deceptive and fraudulent acts or practices in order to protect the public and foster fair and honest competition." RCW 19.86.920.

99.     To prevail in a private/non-per se CPA claim, the plaintiff must prove: an unfair or deceptive act or practice; occurring in trade or commerce; affecting the public interest; injury to a person's business or property; and causation.

100.    Here, Defendant CARVANA engaged in unfair or deceptive acts or practices by not promptly executing the assignment and warranty of title in the form required under RCW 46.70 as promised and bargained for, and also for not providing the paperwork to Plaintiff upon Plaintiff's requests, which has prevented Plaintiff from lawfully registering and being able to operate the vehicle.

101.    Defendant CARVANA engaged in unfair or deceptive acts or practices in the conduct of its business by misrepresenting its intent to honor the terms found within the four corners of RISC #1 when CARVANA's true intent was remains unclear, but now includes Defendant's desire to capitalize on its failures related to the transfer of title by misleading Plaintiff into entering a backdated RISC that incorporates an inflated APR%.

102.    Defendant CARVANA also engaged in unfair deceptive acts or practices by each of the six (6) times that it sent Plaintiff temporary license tags/plates and failed to inform Plaintiff that CARAVANA was not lawfully able to issue temporary license tags/plates since,

PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES

*Marcella Erives vs. CARVANA, LLC*

- 17

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

1  under Tennessee law, Defendant could not legally issue temporary license tags/plates the vehicle

2  at issue during any of the times that Defendant CARVANA did so.

3      103.   Defendant CARVANA further engaged in unfair or deceptive acts or practices

4  when it presented Plaintiff with a backdated RISC that it purported to be identical to RISC #1,

5  and even though it contained a higher APR %.[6]

6      104.   Defendant CARVANA's unfair or deceptive acts or practices as described herein

7  were done in the course of its business as a seller of motor vehicles, which our State Legislature

8  has made clear impacts the public interest.

9      105.   Upon information and belief, it is averred that CARVANA's state law compliance

10 policies and practices are such that it routinely issues multiple temporary license tags in violation

11 of state laws governing the issuance of temporary license tags/plates; and therefore, Defendant

12 CARVANA's deceptive acts or practices are easily capable of deceiving a substantial portion of

   the public.

13     106.   As a direct or proximate result of CARVANA's unfair or deceptive acts or

14 practices, Plaintiff has suffered injury in fact and lost money by, among other things, payment

15 made to CARVANA for fees and charges toward licensing and registration for the subject

16 vehicle that CARVANA failed to complete, in addition to time lost and energy spent researching

17 each of the claims set forth within this Complaint.

18     107.   Defendant CARVANA's unfair acts or practices as described herein constitute

19 non per se CPA violations.

20     108.   As a result of Defendant's CPA violations as described herein, CARVANA is

21 liable to Plaintiff for recovery of actual damages, treble damages up to $25,000.00 per CPA

22

23 ───────────
   [6] In Washington State, It is unlawful for any person, firm, or association to act as a vehicle dealer or vehicle
   manufacturer, to engage in business as such, serve in the capacity of such, advertise himself, herself, or themselves
   as such, solicit sales as such, or distribute or transfer vehicles for resale in this state, without first obtaining and
24 holding a current license as provided in this chapter, unless the title of the vehicle is in the name of the seller. RCW
   46.70.021.

25

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

1  violation, attorney's fees, costs of bringing this suit, and such other relief in an amount to be
2  proven at trial.

3       109.    Plaintiff is also entitled to injunctive relief against Defendant CARVANA in the
4  form of an order prohibiting CARVANA from engaging in the alleged misconduct as described
5  throughout this Complaint.

6  **SEVENTH CLAIM: VIOLATIONS OF THE FTC FOR DECEPTIVE FALSIFICATION CONSUMER FINANCING DOCUMENTS**

7       110.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each
8  of the preceding paragraphs of this pleading as though fully state herein.

9       111.    Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts
10  or practices in or affecting commerce."

11       112.    Misrepresentations or deceptive omissions of material fact constitute deceptive
12  acts or practices prohibited by Section 5(a) of the FTC Act. *Id.*

13       113.    Acts or practices are unfair under Section 5 of the FTC Act if they cause or are
14  likely to cause substantial injury to consumers that consumers cannot reasonably avoid
15  themselves and that is not outweighed by countervailing benefits to consumers or competition.
16  15 U.S.C. § 45(n).

17       114.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant
18  injunctive and such other relief as the Court may deem appropriate to halt and redress violations
19  of any provision of law enforced by the FTC. 15 U.S.C. § 53(b).

20       115.    On August 26, 2021, in connection with the advertising, marketing, promotion,
21  offering of financing, financing, offering for sale, or sale, of a motor vehicle, Defendant
22  CARVANA represented, directly or indirectly, expressly or by implication, that they would
23  ensure any action taken by Plaintiff or its agents would not in any way adversely impact
24  Plaintiff's credit score and that the terms of any rebuilt RISC would be identical to those found
25

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakeclaw.com

1  in RISC #1. Instead, Defendant CARVANA proceeded to make multiple unauthorized hard

2  inquiries to Plaintiff's credit score before Defendant presented Plaintiff with RISC #2, a

3  backdated RISC that falsely and fraudulently purported to be identical to RISC #1.

4      116.   Defendant CARVANA's making of the representations as described herein

5  constitute deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the

6  FTC Act, 5 U.S.C. § 45(a).

7      117.   Defendant CARVANA's actions caused or are likely to cause substantial injury to

8  consumers that consumers cannot reasonably avoid themselves and that is not outweighed by

9  countervailing benefits to consumers or competition.

10      118.   Defendant CARVANA's acts or practices as described herein therefore constitute

11  unfair acts or practices, in violation of Section 5 of the FTC Act, 5 U.S.C. §§ 45(a) and (n).

12      119.   Defendant CARVANA is therefore liable to Plaintiff for rescission or reformation

13  of contract, restitution, the refund of monies paid by Plaintiff to Defendant CARVANA to date,

14  and the disgorgement of ill-gotten monies; in addition to costs of bringing this action, as well as

15  such other and additional relief as the Court may determine to be just and proper. Section 5 of

16  the FTC, 5 U.S.C. § 53(b).

17      120.   Plaintiff is also entitled to such preliminary injunctive and ancillary relief as may

18  be necessary to avert the likelihood of consumer injury during the pendency of this action and to

19  preserve the possibility of effective final relief, including, but not limited to, a temporary and

20  preliminary injunction; and a permanent injunction to prevent future violations of the FTC Act

21  by Defendant CARVANA. *Id.*

22  **EIGHTH CLAIM: IMPROPER USE OF A CREDIT REPORT (15 U.S.C. § 1681)**

23      121.   The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., was enacted by Congress

24  in 1970 to "promote efficiency in the Nation's banking system and to protect consumer

25

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

1  privacy." *TRW Inc. v. Andrews*, 534 U.S. 19, 23, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (citing

2  15 U.S.C. § 1681(a)).

3       122.    The FCRA defines a "consumer report" as "any written, oral, or other

4  communication of any information by a consumer reporting agency bearing on a consumer's

5  credit worthiness, credit standing, credit capacity, character, general reputation, personal

6  characteristics, or mode of living...." 15 U.S.C. § 1681a(d)(1).

7       123.    The FCRA further provides the permissible purposes for a user to access a

8  consumer report (15 U.S.C. § 1681b), and it creates a private right of action for consumers to

9  recover for both willful (15 U.S.C. § 1681n) and negligent (15 U.S.C. § 1681o) violations of the

   Act.

10

11       124.    A plaintiff can bring a claim for an improper use of a credit report must show the

   requisite culpability and three additional elements: "(i) that there was a `consumer report' within

12  the meaning of the statute; (ii) that the Defendant like Defendant CARVANA used or obtained

13  it; and (iii) that the Defendant did so without a permissible statutory purpose."

14       125.    Here, Defendant CARVANA willfully effectuated at least 3 unauthorized hard

15  inquiries into Plaintiff's credit after Plaintiff explicitly requested for Defendant to refrain from

16  doing so, which amounts to deliberate or reckless disregard of CARVANA's obligations and the

17  rights of Plaintiff under 15 U.S.C. § 168lb(b)(2)(A)(i).

18       126.    Defendant used and obtained the credit report to produce the financing that is set

19  forth in RISC #2.

20       127.    Defendant CARVANA is therefore liable to Plaintiff for statutory damages, such

21  amount of punitive damages as the court may allow, statutory damages of not less than $100 and

22  not more than $1,000 for each and every one of the violations described herein, pursuant to 15

23  U.S.C. § 1681 n(a)(l)(A), in addition to the costs of bringing this action together with reasonable

24  attorney's fees as determined by the court. 15 U.S.C. § 1681(n).

25

PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES

*Marcella Erives vs. CARVANA, LLC*

- 21

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

### TENTH CLAIM: INJUNCTIVE RELIEF

128.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this pleading as though fully state herein.

129.    Plaintiff may seek injunctive relief for violations of the CPA as set forth herein. RCW 19.86.090; Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), in addition to the FCRA, U.S.C. § 1681(b).

130.    Plaintiff seeks and Order enjoining Defendant CARVANA from undertaking sales and service practices in the unlawful manner(s) as described above. *Scott v. Cingular Wireless*, 160 Wn2d 843, 853 (2007).

131.    Plaintiff has reason to believe these actions make up a pattern and practice of behavior that have affected other individuals similarly situated.

132.    An injunction is therefore necessary to prevent further injury to Plaintiff and the general public. Accordingly, this Court should issue the requested injunctive relief.

### V.    RESERVATION OF RIGHTS TO AMEND

133.    No discovery has occurred in this action and the Plaintiff therefore reserves the Right to Amend their Complaint to add new parties and/or causes of action as discovery warrants.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an award of the following relief from the Defendant CARVANA, LLC as follows:

a)   Judgement against the Defendant for each of the claims set forth above, with interest at the legal rate on such amount awarded as allowed by law, pursuant to Washington State's CPA, RCW 19.86 et seq.; Section 13(b) of the FTC, 5 U.S.C. § 53(b); the FCRA, 15 U.S.C. § 1681 et seq.; and other theories and statutes in amounts to be proven at trial;

PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES

*Marcella Erives vs. CARVANA, LLC*

- 22

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

b) Treble damages, pursuant to RCW 19.86 et seq.;

c) Award of reasonable attorney's fees and reimbursement for all costs for the prosecution of this action under RCW 46.70 et seq.; RCW 19.86 et seq.; Section 13(b) of the FTC, 5 U.S.C. § 53(b); 15 U.S.C. § 1681; and other theories and applicable statutes;

d) Statutory damages, pursuant to RCW 46.70.101, and 15 U.S.C. § 1681 et seq.;

e) Treble damages, pursuant to RCW 19.86 et seq.

f) Assessment of civil penalties, pursuant to RCW 46.70 et seq, RCW 19.86 et seq., and as otherwise allowed by law;

g) Injunctive relief enjoining the Defendant Dealership, CARVANA MOTORS, LLC. from engaging in the unlawful conduct described throughout this Complaint, pursuant to RCW 19.86 et seq; the FTC, pursuant to 5 U.S.C. § 53(b), and the FCRA, 15 U.S.C. § 1681 et seq.;

h) Restitution;

i) Recission of all contractual agreements described herein with all Parties associated to those agreements under UCC and as otherwise allowed by law;

j) Past and future non-economic and economic damages;

k) Consequential damages;

l) Punitive damages, including under common law fraud, as applicable;

m) Pre-judgment and post-judgment interest on the entire judgment at the highest rate allowable by law; and

n) Such other and further relief as the Court deems just and proper.

## VII.   DEMAND FOR JURY TRIAL

134.   Plaintiff demands trial by jury on all issues so triable

PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES

*Marcella Erives vs. CARVANA, LLC*

- 23

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

1    Respectfully Submitted and DATED this May 16, 2022.

2

3                                    /s/Morgan L. Lake
                                     Morgan L. Lake, WSBA #52789
4                                    LAKE LAW, PLLC
                                     3703 S. Edmunds St. #115
5                                    Seattle, WA. 98118
                                     PH: (360) 499-2144
6                                    morgan@morganlakelaw.com

7                                    *Attorney for the Plaintiff, Marcella Erives*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES

*Marcella Erives vs. CARVANA, LLC*

- 24

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

Marcella Erives

vs

CARVANA

No. 22-2-07286-5  KNT

**CASE INFORMATION COVER SHEET AND
AREA DESIGNATION**

(CICS)

**CAUSE OF ACTION**

COM - Commercial

**AREA OF DESIGNATION**

KNT          All of King County south of Interstate 90 except those areas included in the Seattle
Case Assignment Area.