THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCELA ERIVES,<br><br>    Plaintiff,<br><br>  v.<br><br>CARVANA, LLC,<br><br>    Defendant. | Case No. 2:22-cv-00791-RSM<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>JURY DEMAND |

## I. **PARTIES**

Plaintiff Marcela Erives:

1. Plaintiff Marcela Erives ("Plaintiff") is a natural person and resident of 390 Taylor Ave NW, Renton, Washington and therefore a "person" as defined by RCW 19.86.010(1).

Defendant CARVANA, LLC:

2. Defendant, CARVANA, LLC (hereinafter "Defendant" or "Defendant CARVANA"), is a foreign limited liability corporation headquartered at 1720 W. Rio Salado Pkwy, Tempe, AZ 85281.

3. Defendant regularly conducts business throughout the state of Washington, including King County, as an online used car retailer, and is duly licensed to do business as a

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

Motor Vehicle Dealership throughout the state of Washington, and was doing business in King County, Washington, at all relevant times to the allegations and causes set forth within this Complaint under UBI: 604-322-588.

4.      Defendant is therefore "person" as defined by Washington's CPA, RCW 19.86.010(1); a "merchant" under RCW 62A.2-104; and a "Vehicle Dealer" as defined by RCW 46.70.010(17).

## II.      JURISDICTION AND VENUE

5.      This Complaint arises out of a motor vehicle retail installment contract (hereinafter "RISC") that Defendant CARVANA drafted and presented to Plaintiff over a year after the Parties entered the original RISC ("RISC #1") that was mysteriously and unilaterally cancelled by Defendant CARVANA, who then after presented Plaintiff with a backdated RISC (RISC #2) that contained different terms from those set forth in the Parties' original agreement.

6.      During a substantial part of the time the events or omissions described herein occurred, Defendant CARVANA did business in and/or acted in King County, Washington relative to the motor vehicle sales transaction and allegations set forth in this Complaint.

7.      This matter was removed to this Court by the Defendant pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

7.      This is the appropriate venue for this action.

## III.      RELEVANT FACTS

8.      On or about December 1, 2020, Plaintiff, while in New Mexico, ordered online a 2013 Honda Ridgeline Truck (VIN: 5FPYK1F58DB012059) from CARVANA, LLC.

9.      On December 5, 2020, Plaintiff traveled to Tempe Arizona and executed and entered with CARVANA, into RISC #1, with BRIDGECREST CREDIT COMPANY, LLC (a/k/a "Bridgecrest Credit") serving as the lender for the transaction. On information and belief, RISC #1 included the following material terms:

PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT FOR DAMAGES - 2
(2:22-cv-00791-RSM)
*Marcella Erives vs. CARVANA, LLC*

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

a. a cash sale price of $24,990.00;

b. an annual percentage rate ("APR") of 7.617%;

c. a finance charge of $5002.11;

d. a $44.00 fee to register the vehicle in New Mexico;

e. a total amount financed of $22,788.32; and

f. a down payment of $5,000.00.

10.    Defendant CARVANA delivered the subject vehicle to Plaintiff with temporary license tags/plates from the state of Tennessee.

11.    On or about December 10, 2020, CARVANA sent Plaintiff an email stating the vehicle registration process would be delayed because CARVANA was "missing documents."

12.    From December 10, 2020 – November 2021, CARVANA sent Plaintiff no less than 13 emails, and made numerous phone calls to Plaintiff requesting that Plaintiff sign a Generic Limited Power of Attorney for the state of New Mexico, and even though CARVANA was fully aware Plaintiff resided in Renton, Washington.

13.    As a result of CARVANA's prolonged failure to provide Washington's Department of Licensing or Plaintiff with the paperwork necessary to register the vehicle at issue, Plaintiff could not obtain valid Washington State license plates and therefore could not and still cannot legally operate the subject vehicle on Washington State roads or highways.

14.    Defendant CARVANA consistently failed to supply Plaintiff with valid temporary license tags/plates every 30 days prior to their expiration date, which caused Plaintiff to be pulled over no less than 6 times by law enforcement due to expired or suspicious temporary plates between December 2020 – November 2021.

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

15.     On June 25, 2021, Plaintiff filed a complaint with the Better Business Bureau of Western Washington.

16.     On or about June 30, 2021, Plaintiff was contacted by CARVANA employee Benjamin Grimm, (hereinafter "Grimm") who presented themself as CARVANA's advocate for addressing vehicle registration issues. According to Grimm, Plaintiff could resolve the registration issues by simply agreeing to "rebuild" the original RISC. Grimm also made mention of a $200.00 complimentary check for the inconvenience but provided no further explanation regarding what the rebuild entailed. CARVANA never provided Plaintiff a $200.00 complimentary check for the inconvenience.

17.     On or about August 23, 2021, Defendant's Grimm contacted Plaintiff stating that CARVANA could no longer provide Plaintiff with temporary license tags/plates.

18.     On or about August 26, 2021, Defendant's Grimm contacted Plaintiff stating the then 9-month issues relating to the vehicle's registration could be remedied if Plaintiff simply agreed to "rebuild" RISC #1. Defendant CARVANA provided no additional details regarding the proposal, nor did it send anything to memorialize the ill-defined proposal in writing.

19.     Plaintiff responded by telling Defendant that Plaintiff wanted CARVANA to address the issues preventing Plaintiff from being able to register the vehicle in Washington State and made explicitly clear that Plaintiff would not enter any new contract if it did not contain identical terms to those in RISC #1. Plaintiff also explicitly requested Defendant refrain from taking any action that would impact their credit score being adversely affected.

20.     On or about September 1, 2021, Plaintiff attempted to make a timely monthly payment through the online payment portal offered by Defendant CARVANA's preferred lender, Bridgecrest Credit, but Plaintiff could not access their account. Plaintiff, who had been timely

PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT FOR DAMAGES - 4
(2:22-cv-00791-RSM)
*Marcella Erives vs. CARVANA, LLC*

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

with all previous payments, contacted Grimm the very next day to inform CARVANA of the issues relating to payment.

21.     On or about November 6, 2021, Plaintiff received an email notification that showed Defendant CARVANA had made a "hard pull" on Plaintiff's credit report. Plaintiff was confused and distressed because Plaintiff never provided CARVANA with authorization to pull their credit and was explicit in wanting no part of any proposal that included an adverse impact to their credit score.

22.     On or about December 10, 2021, CARVANA's Grimm sent Plaintiff an email directing Plaintiff to log into CARVANA's online dashboard to sign RISC #2, a recently rebuilt RISC. According to Grimm, Plaintiff would be able to register the vehicle at issue in Washington State after they signed the rebuilt RISC.

23.     The rebuilt RISC gave Plaintiff immediate reason for pause because RISC #2 was backdated and included an APR% of 7.638%, which was higher than the 7.617% agreed to by the Parties at the time of contract formation and set forth within the four corners of RISC #1.

24.     Defendant CARVANA then refused to provide Plaintiff with a copy of the original retail installment contract, RISC #1, which prevented Plaintiff from accessing and comparing the terms of RISC #1 to RISC #2.

25.     On December 28, 2021, Plaintiff notified Defendant CARVANA that Plaintiff would not sign the "rebuilt" RISC because it included terms that Plaintiff knew were inconsistent with the terms included within RISC #1. Plaintiff asked for Defendant to explain the identified discrepancy between RISC #1 and RISC #2, but CARVANA was silent in response.

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

26.     On or about January 11th, 2022, Plaintiff contacted Defendant's customer support team and requested a copy of RISC #1 to understand the discrepancies between the original RISC #2 and to make payment on the subject vehicle.

27.     On or about February 9, 2022, Defendant informed Plaintiff that CARVANA would no longer provide Plaintiff with a copy of RISC #1.

28.     As a result of Defendant CARVANA's refusal to promptly execute the assignment and warranty of title, and Defendant's refusal to provide Plaintiff information related to the RISC #1, Plaintiff was forced to pay to store the subject vehicle due to constant fears of being pulled over by law enforcement.[1]

29.     Plaintiff has since been unable to consistently travel to and from work because the subject vehicle was Plaintiff's only mode of transportation. Plaintiff has been placed on leave by their employer. Prior to January 2022, Plaintiff averaged 40 hours of work per week x $21.23 per hour = $849.20 monthly. Plaintiff suffered substantial distress over mounting bills due to $4,250.00 in lost earnings. Plaintiff has spent $5,000.00 on storage fees and $1,800.00 on vehicle insurance for truck that cannot be lawfully driven in the State of Washington.

30.     Plaintiff, who is currently in school, has been unable to attend class consistently and will likely need to take additional time and exhaust additional funds to complete their education program. Plaintiff has also been unable to attend much needed medical appointments as a result of limited access to transportation.

---

[1] In Washington, failure to make initial registration before operating a vehicle on the public highways is a traffic violation and includes a monetary fine of five hundred twenty-nine dollars, which may not be suspended or reduced. RCW 46.16A.030.

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

31.    On or about February 18, 2022, Plaintiff sent Bridgecrest Credit a request for RISC #1 & Security Agreement Documents associated with RISC #1, pursuant to 15 U.S.C. 1641(f)(2) and RCW 62A.9A-210. Bridgecrest Credit did not respond to Plaintiff.

32.    On or about May 10, 2022, Bridgecrest Credit sent Plaintiff an email notification stating that Plaintiff's account was $3,509.00 past due.

33.    On May 11, 2022, Plaintiff attempted to log onto Bridgecrest Credit's online payment portal to identify the accuracy of the charges and was denied access.

## IV.  CAUSES OF ACTION:

### FIRST CAUSE: VIOLATION OF WASHINGTON STATE'S AUTO DEALER'S ACT FOR FRAUD AND MISREPRESENTATION (RCW 46.70.180)

34.    Plaintiff incorporates by reference the allegations set forth in each of the preceding paragraphs of this pleading as though fully state herein.

35.    The Auto Dealers and Manufacturers Act (hereinafter "the Act" or "the Dealers Act"), codified as RCW 46.70, et seq., "declares that the distribution, sale, and lease of vehicles in the State of Washington vitally affects the general economy of the state the public interest and public welfare…" RCW 46.70.005.

36.     The Act makes it is unlawful for dealerships like Defendant CARVANA to disseminate in any manner any statement or representation with regards to the sale, lease, or financing of a vehicle which is false, deceptive, or misleading, or to include in a sales contract a false, deceptive, or misleading term. RCW 46.70.180(1)-(2).

37.    The Dealers and Manufacturers Act provides a cause of action to any consumer who purchases a motor vehicle from a licensed dealer "who has suffered a loss or damage" because of the dealer's violation of the Act. RCW 46.70.027.

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

38.     Any violation of the Dealers and Manufacturers Act, including false, deceptive, or misleading advertising, is "deemed to effect the public interest and therefore constitutes a per se CPA violation." RCW 46.70.310.

39.     In the present matter, CARVANA's representations following the sale of the subject vehicle that Defendant would remedy issues that prohibited Defendant from effectuating the transfer of warranty of title paperwork to Washington State's DOL was false, deceptive or misleading.

40.     Defendant's representations that Defendant was lawfully entitled to send Plaintiff temporary license tags/plates from Tennessee was false, deceptive or misleading.

41.     Defendant's assurances that CARVANA would remedy the issues related to the subject vehicle's registration by sending Plaintiff a new "rebuilt" RISC with identical terms to those found within RISC #1 and without having any hard inquiries being made to Plaintiff's credit scores were false, deceptive or misleading.

42.     The terms included in both RISC #1 and RISC #2, including, but not limited to, charges for vehicle registration were false, deceptive or misleading.

43.     Defendant CARVANA failed to effectuate transfer of warranty of title for the subject vehicle.

44.     Defendant CARVANA provided Plaintiff with no less than 5 temporary license tags/plates from the State of Tennessee, and even though Defendant was not lawfully entitled to do so following the initial temporary tag/license plate expired. *See* Tennessee Code Title 55. Motor and Other Vehicles § 55-4-221(a)(1)-(2).

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

45.     Defendant CARVANA has failed to honor the terms set forth in RISC #1, and instead sent Plaintiff a "rebuilt" RISC with terms different than those contained in the original RISC after Defendant made hard inquiries of Plaintiff's credit scores.

46.     Plaintiff has suffered loss or damages as a result of actions taken by CARVANA in violation of the Dealers Act.

47.     Defendant CARVANA is therefore liable to Plaintiff for statutory damages and other remedies, which includes monetary penalties up to $1,000.00 per Dealer's Act violation, in addition to attorney fees and costs and other relief deemed proper and lawful by a venue competent jurisdiction that may be proven at trial. RCW 46.70.101.

48.     Defendant CARVANA's violations of Washington State's Auto Dealers and Manufacturers Act as described herein also constitute a *per se* CPA violations that caused injury to the Plaintiff.

### SECOND CAUSE: FRAUDULENT MISREPRESENTATION FOR UNLAWFUL TRANSFER OF A MOTOR VEHICLE (RCW 19.116.050)

49.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the paragraphs of this pleading as though fully stated herein.

50.     Defendant CARVANA's acts or practices at the time of the original sales transaction, in addition to Defendant's subsequent attempts to "rebuild" the original RISC, constitute fraudulent misrepresentation.

51.     A dealer like Defendant CARVANA, LLC engages in an act of unlawful transfer of ownership interest in motor vehicles when all of the following circumstances are met:

> (1) The dealer does not pay off any balance due to the secured party on a vehicle acquired by the dealer, no later than the close of the second business day after the acquisition date of the vehicle; and

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

(2) The dealer does not obtain a certificate of title under RCW 46.70.124 for each used vehicle kept in his or her possession unless that certificate is in the possession of the person holding a security interest in the dealer's inventory; and

(3) The dealer does not transfer the certificate of title after the transferee has taken possession of the motor vehicle.

RCW 19.116.050.

52.     To establish fraudulent misrepresentation, a claimant needs to prove: (1) representation of an existing fact, (2) the materiality of the representation, (3) the falsity of the representation, (4) the speaker's knowledge of the falsity of the representation or ignorance of its truth, (5) the speaker's intent that the listener rely on the false representation, (6) the listener's ignorance of its falsity, (7) the listener's reliance on the false representation, (8) the listener's right to rely on the representation, and (9) damage from reliance on the false representation. *Baertschi v. Jordan,* 68 Wn.2d 478, 482, 413 P.2d 657 (1966).

53.     The duty to disclose material facts ordinarily arises only where a fiduciary relationship exists, not where parties deal at arm's length. *Tokarz v. Frontier Fed. Sav. & Loan Ass'n*, 33 Wn. App. 456, 463-64, 656 P.2d 1089 (1982). Some kind of "special relationship" must exist before the fiduciary duty will arise. *Colonial Imps., Inc. v. Carlton N.W., Inc.*, 121 Wn.2d 726, 732, 853 P.2d 913 (1993). Silence as to a material fact may constitute fraudulent concealment or misrepresentation. *Giraud v. Quincy Farm & Chem.*, 102 Wn. App. 443, 453, 6 P.3d 104 (2000), *review denied*, 143 Wn.2d 1005 (2001).

54.     An omission may constitute a misrepresentation if the party had a duty to disclose information and breached this duty. *Boonstra v. Stevens-Norton, Inc.,* 64 Wn.2d 621, 624-25, 393 P.2d 287 (1964); *Oates v. Taylor,* 31 Wn.2d 898, 903-04, 199 P.2d 924 (1948).

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

55.     An automobile dealer like Defendant CARVANA has a duty to inspect vehicles before selling them and is charged with knowledge of what a reasonable inspection, in the exercise of ordinary care, would disclose. *Burnett v. Hunt,* 5 Wn. App. 385, 386, 486 P.2d 1129, 1130 (1971).

56.     *Absent* a special relationship, the plaintiff must show that (1) he was ignorant of the defect and (2) the defendant took affirmative action to conceal the defect. *Giraud*, 102 Wn. App. at 452-53. Whether a duty exists is a question for the court; whether the facts establish a breach of the duty is a question for the jury. *Favors v. Matzke*, 53 Wn. App. 789, 796-97, 770 P.2d 686 (1989). *Bud Clary Chevrolet, Oldsmobile, Cadillac, Inc. v. Jeffries*, No. 25734-3-II, 2001 Wash. App. LEXIS 1132, at *5 (Ct. App. May 25, 2001).

57.     Defendant CARVANA, by and through its employees, which include CARVANA's Grimm, made misleading or false representations of a past or existing material fact at the time of sale susceptible of knowledge when it failed to inform Plaintiff about Defendant's inability to timely transfer warranty of title.

58.     Defendant CARVANA, by and through its employees, made a misleading or false representation through omission of past or existing material fact susceptible of knowledge when it failed to inform Plaintiff that Defendant CARVANA was not lawfully entitled to send Plaintiff more than 1 license plate tags from the State of Tennessee.

59.     Defendant CARVANA should have discovered the existence of the issues preventing Defendant from effectuating the transfer of warranty of title at the time of sale. RCW 46.70.101(1)(b)(viii).

PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT FOR DAMAGES - 11
(2:22-cv-00791-RSM)
*Marcella Erives vs. CARVANA, LLC*

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

60.     The intent of Defendant CARVANA when making the false representations or omissions pertaining to the subject vehicle's title was to entice Plaintiff to enter into an Agreement to purchase the vehicle.

61.     Plaintiff is a layperson and unaware of Defendant's misrepresentations and/or omissions regarding the latent defects to the vehicle at issue during the time of sale.

62.     Plaintiff relied on Defendant CARVANA's salesperson's false representations and/or omissions prior to and at the time of sale when formulating her decision to purchase the subject vehicle.

63.     Plaintiff continued to rely on Defendant CARVANA's false representations and/or omissions regarding Defendant's ability to effectuate transfer of title following the sale.

64.     Plaintiff's reliance on Defendant's representations at the time of sale was both reasonable and foreseeable.

65.     The false representations, misstatements and omissions as described herein were material because Plaintiff would not have purchased the subject vehicle had she known about the false and misleading representations described above.

66.     As a result of Defendant CARVANA's false representations and/or omissions as described herein, Plaintiff suffered pecuniary damages and other injuries.

67.     Defendant CARVANA is therefore liable to Plaintiff for damages that occurred as a result of its misrepresentations and/or omissions made by Defendant at the time of sale and after the sale, which includes damages in the form of an Order rescinding the subject vehicle and requiring Defendant CARVANA to promptly return all funds that Plaintiff has paid in connection with the purchase, while Defendant CARVANA should be denied any allowance for Plaintiff's "use" of the subject vehicle; Defendant is also liable for statutory damages and other

PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT FOR DAMAGES - 12
(2:22-cv-00791-RSM)
*Marcella Erives vs. CARVANA, LLC*

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

1
2
3

remedies, including monetary penalties up to $1,000.00 per Dealer's Act violation, in addition to attorney's fees and costs and other relief deemed proper and lawful in an amount to be proven at trial. RCW 46.70.101.

4

**THIRD CAUSE OF ACTION: BUSHING STATUTE VIOLATION**
**(RCW 46.70.180(4))**

5
6

68.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the paragraphs of this pleading as though fully stated herein.

7
8
9
10
11
12
13

69.    Defendant CARVANA committed acts of bushing when it (1) failed to notify Plaintiff within four days of signing the original RISC on or about December 5, 2020 that Defendant had unconditionally accepted or waived the financing contingency, and (2) when Defendant CARVANA attempted to change the conditions of the Agreement by requesting, more than 1 full year after-the-fact, that Plaintiff sign additional paperwork authorizing Defendant CARVANA to enter into a rebuilt RISC (RISC #2) that contained different terms from the original RISC.

14
15

70.    RCW 46.70.180(4)(a) makes it unlawful to commit any act of "bushing," defined as entering into a written agreement signed by the prospective buyer which:

16
17
18
19
20

> [i]s subject to any conditions or the dealer's … future acceptance, and the dealer fails or refuses … within four calendar days, … to inform the buyer … [t]hat the dealer unconditionally accepts the contract[,] … having satisfied, removed, or waived all conditions to acceptance or performance, including, but not limited to, financing, assignment, or lease approval. … *Fay v. Showcase Motors*, No. 78111-1-I, 2019 Wash. App. LEXIS 2074, at *19-20 (Ct. App. Aug. 12, 2019).

21

71.    Here, the Parties entered RISC #1 on or about December 5, 2020.

22
23
24

72.    Defendant CARVANA failed to inform Plaintiff at the time of sale that RISC #1 was unconditionally accepted on the date the Parties entered the original Agreement, as evidenced by Defendant CARAVANA's refusal to honor the original terms of the Agreement,

25

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

which was followed by Defendant's refusal to provide Plaintiff a copy of the original RISC upon request as set forth in Paragraph 25.

73.     As a direct or proximate result of Defendant CARVANA's acts or practices with regards to the original RISC, Plaintiff has suffered injuries.

74.     Defendant CARVANA is therefore liable to Plaintiff for damages and other remedies and relief deemed proper and lawful by a court of competent jurisdiction that may be proven at trial, in addition to attorneys' fees and costs. RCW 46.70.101.

75.     Defendant CARVANA's violation of Washington State's anti-bushing statute also constitutes a violation of the CPA *per se*, which injured the Plaintiff.

**FOURTH CAUSE: MATERIAL BREACH OF CONTRACT – FAILURE TO PERFORM**

76.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this pleading as though fully state herein.

77.     RISC #1 was not subject to Defendant CARVANA's future acceptance. It was unconditional acceptance. A binding contract was formed when the Parties affixed their signatures to RISC #1. Defendant CARVANA therefore did not have the option to accept or deny the original deal after financing was obtained in December 2020; CARVANA was required to perform.

78.     Consistent with the representations made by Defendant CARVANA prior to the Parties entering RISC #1, Plaintiff expected Defendant CARVANA to honor its promise to promptly execute the assignment and warranty of title. Furthermore, consistent with the representations made by Defendant CARVANA prior to its presentation of RISC #2 on December 10, 2021, Plaintiff expected Defendant CARVANA to honor its promise to provide a

PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT FOR DAMAGES - 14
(2:22-cv-00791-RSM)
*Marcella Erives vs. CARVANA, LLC*

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

contract that contained identical terms to those set forth in RISC #1 and prompt execution of the assignment and warranty of title to Washington State.

79.     Plaintiff fully performed their obligations under the terms of the original agreement by providing timely payment in consideration of the vehicle at issue until Defendant CARVANA and/or its assignee, Bridgecrest Credit removed Plaintiff's access from the financial institution's online portal.

80.     Conversely, Defendant CARVANA, and without legal justification to do so, sent Plaintiff no less than 6 temporary license tags/plates from the Tennessee, a state that CARVANA was not lawfully entitled to issue temporary tags/plates from at least (5) separate occasions, in violation of the Dealers Act. RCW 46.70.122.

81.     Further, and after repeated promises to effectuate the vehicle registration process exceeding one full calendar year and as recent as June 2022, Defendant CARVANA receinded RISC #1. Meanwhile, Plaintiff was left with a vehicle for which timely payments were tendered that could not and cannot be lawfully operated in the State of Washington.

82.     When Defendant CARVANA provided Plaintiff the temporary license tags/plates to Plaintiff, Defendant concealed or otherwise withheld the fact that Defendant CARVANA was not authorized by the State of Tennessee to issue temporary license tags/plates.

83.     Plaintiff relied on Defendant's assurances to properly and timely facilitate the transfer of title paperwork to enable Plaintiff to register the vehicle in Washington at the time of purchase, and Plaintiff continued to rely on CARVANA's assurances to Plaintiff, which were made as recent as June 2022.

84.     As of the date of this filing, Defendant CARVANA has still not provided Plaintiff or Washington State's Department of Licensing with the requisite paperwork that Defendant was

PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT FOR DAMAGES - 15
(2:22-cv-00791-RSM)
*Marcella Erives vs. CARVANA, LLC*

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

1  required to promptly provide and that Plaintiff paid for as set forth in the RISC #1 that is

2  currently being withheld by Defendant CARVANA.

3       85.     As a direct and proximate result of Defendant's ongoing failure to promptly

4  execute the assignment and warranty of title, Plaintiff has suffered monetary injuries.

5  **FIFTH CAUSE: BREACH OF CONTRACT FOR VIOLATION OF**
**THE DUTY OF GOOD FAITH AND FAIR DEALING**

6

7       86.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each

8  of the paragraphs of this pleading as though fully stated herein.

9       87.     The UCC requires every contract like retail installment contracts drafted by

10 Defendant is subject to an implied duty of good faith and fair dealing.

11      88.     Washington State's Dealers Act defines good faith "as the duty of each party to

12 any franchise to act in a fair and equitable manner towards each other, so as to guarantee one

13 party freedom from coercion, intimidation, or threats of coercion or intimidation from the other

14 party." RCW 46.70.180(14)(b).

15      89.     This duty of good faith obligates the parties to a contract to cooperate with each

16 other so that each party may benefit from the full performance. *Rekhter v. State, Dep't of Soc. &*

17 *Health Servs.,* 180 Wn.2d 102, 112 (2014).

18      90.     To identify whether a breach of the duty of good faith and fair dealing has

19 occurred, Washington Courts have looked to a party's justified expectations under the contract.

20 "The duty of good faith requires 'faithfulness to an agreed common purpose and consistency

21 with the justified expectations of the other party.'" *Edmonson v. Popshoi,* 172 Wn.2d 272, 280

22 (2011). (citing RESTATEMENT (SECOND) OF CONTRACTS 205 cmt. a (1981)); see *id.* cmt

23 d ("[B]ad faith may be overt or may consist of inaction.").

24

25

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

91.    Defendant CARVANA knew or should have known their promises and statements to Plaintiff regarding the rebuilt RISC (RISC #2) were false, and Defendant therefore violated the duty of good faith and fair dealing when it made those statements to Plaintiff and/or when it presented Plaintiff with RISC #2.

92.    Defendant CARVANA knew it was not lawfully able to send temporary license tags/plates from Tennessee, and therefore violated in bad faith and unfair dealing each of the six ("6") times that it sent Plaintiff temporary license tags/plates from Tennessee.

93.    Defendant CARVANA also knew or should have known that it was not authorized to make any hard pull to Plaintiff's credit scores because Plaintiff explicitly requested for Defendant to refrain doing so on August 1, 2021; and yet, Defendant CARVANA proceeded to do so on at least three (3) different occasions, acts that also constitute violations of the duty of good faith and fair dealing.

94.    At present, Plaintiff has performed and otherwise made every reasonable effort to perform all the conditions, covenants, promises, and agreements required of him under the terms of the Parties' agreement.

95.    Conversely, Defendant CARVANA has failed, neglected and otherwise refused to perform its part of the bargain or to tender such performance, such as their obligation of good faith to Plaintiff requires.

96.    As a direct or proximate result of CARVANA's failure to fulfill its obligation of good faith and fair dealing in relation to the retail installment contracts described herein, Plaintiff has suffered injury in an amount to be proven at trial and can only be made whole by recission of the RISC #1 and a return of all monies paid to Defendant CARVANA to put Plaintiff back to status quo ante as of December 1, 2020.

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

**SIXTH CAUSE:  VIOLATIONS OF WASHINGTON'S CPA FOR
UNFAIR OR DECEPTIVE BUSINESS PRACTICES (RCW 19.86 et. seq.)**

97.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this pleading as though fully state herein.

98.    The conduct described above and through this Complaint is deceptive within the meaning of the CPA. RCW 19.86.010.

99.    Washington State's legislature explicitly identified the purposes of the CPA: "to complement the body of federal law governing restraints on trade, unfair competition, and unfair, and deceptive and fraudulent acts or practices in order to protect the public and foster fair and honest competition." RCW 19.86.920.

100.    To prevail in a private/non-per se CPA claim, the plaintiff must prove: an unfair or deceptive act or practice; occurring in trade or commerce; affecting the public interest; injury to a person's business or property; and causation.

101.    Here, Defendant CARVANA engaged in unfair or deceptive acts or practices by not promptly executing the assignment and warranty of title in the form required under RCW 46.70 as promised and bargained for, and also for not providing the paperwork to Plaintiff upon Plaintiff's requests, which has prevented Plaintiff from lawfully registering and being able to operate the vehicle.

102.    Defendant CARVANA engaged in unfair or deceptive acts or practices in the conduct of its business by misrepresenting its intent to honor the terms found within the four corners of RISC #1 when CARVANA's true intent was remains unclear, but now includes Defendant's desire to capitalize on its failures related to the transfer of title by misleading Plaintiff into entering a backdated RISC #2 that incorporates an inflated annual percentage rate.

PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT FOR DAMAGES - 18
(2:22-cv-00791-RSM)
*Marcella Erives vs. CARVANA, LLC*

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

103.    Defendant CARVANA also engaged in unfair deceptive acts or practices by failing to inform Plaintiff that CARAVANA was not lawfully able to issue temporary license tags/plates from the state of Tennessee since, under Tennessee law, Defendant could not legally issue temporary license tags/plates for vehicles following the expiration of the original temporary license tags/plates.

104.    Defendant CARVANA further engaged in unfair or deceptive acts or practices when it presented Plaintiff with a backdated RISC #2 that it purported to be identical to RISC #1, which was not true.[2]

105.    Defendant CARVANA's unfair or deceptive acts or practices as described herein were done in the course of its business as a seller of motor vehicles, which impacts the public interest.

106.    Defendant CARVANA's deceptive acts or practices are capable of deceiving a substantial portion of the public.

107.    As a direct or proximate result of CARVANA's unfair or deceptive acts or practices, Plaintiff has suffered injury in fact and lost money, in addition to time lost and energy spent investigating the allegations set forth within this Complaint.

108.    Defendant CARVANA's unfair acts or practices as described herein constitute CPA violations.

109.    As a result of Defendant's CPA violations as described herein, CARVANA is liable to Plaintiff for recovery of actual damages, treble damages up to $25,000.00 per CPA

---

[2] In Washington State, It is unlawful for any person, firm, or association to act as a vehicle dealer or vehicle manufacturer, to engage in business as such, serve in the capacity of such, advertise himself, herself, or themselves as such, solicit sales as such, or distribute or transfer vehicles for resale in this state, without first obtaining and holding a current license as provided in this chapter, unless the title of the vehicle is in the name of the seller. RCW 46.70.021.

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

violation, attorney's fees, costs of bringing this suit, and such other relief in an amount to be proven at trial.

110.    Plaintiff is also entitled to injunctive relief against Defendant CARVANA in the form of an order prohibiting CARVANA from engaging in the alleged misconduct as described throughout this Amended Complaint.

**SEVENTH CAUSE: IMPROPER USE OF A CREDIT REPORT (15 U.S.C. § 1681)**

111.    The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq,* was enacted by Congress in 1970 to "promote efficiency in the Nation's banking system and to protect consumer privacy." *TRW Inc. v. Andrews,* 534 U.S. 19, 23, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (citing 15 U.S.C. § 1681(a)).

112.    The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living...." 15 U.S.C. § 1681a(d)(1).

113.    The FCRA further provides the permissible purposes for a user to access a consumer report (15 U.S.C. § 1681b), and it creates a private right of action for consumers to recover for both willful (15 U.S.C. § 1681n) and negligent (15 U.S.C. § 1681o) violations of the Act.

114.    A plaintiff can bring a CAUSE for an improper use of a credit report must show the requisite culpability and three additional elements: "(i) that there was a 'consumer report' within the meaning of the statute; (ii) that the Defendant like Defendant CARVANA used or obtained it; and (iii) that the Defendant did so without a permissible statutory purpose."

PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT FOR DAMAGES - 20
(2:22-cv-00791-RSM)
*Marcella Erives vs. CARVANA, LLC*

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

115.    Here, Defendant CARVANA willfully effectuated at least 3 unauthorized inquiries into Plaintiff's credit that Defendant used and obtained to produce the financing that is set forth in RISC #2, and Defendant did so after Plaintiff explicitly requested for Defendant to refrain from doing so.

116.    Defendant CARVANA is therefore liable to Plaintiff for statutory damages, such amount of punitive damages as the court may allow, the costs of brining this action together with reasonable attorney's fees as determined by the court. 15 U.S.C. § 1681(n).

**EIGHTH CAUSE: VIOLATION OF NEW MEXICO'S UNFAIR PRACTICES ACT (57-12-1 NMSA)**

117.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this pleading as though fully state herein.

118.    New Mexico's Unfair Practices Act (NMUPA) declares unlawful unfair, deceptive or unconscionable trade practices.

119.    The acts of the Defendant described herein are unfair, deceptive or unconscionable.

120.    The acts of the Defendant in violation of the NMUPA caused Plaintiff to suffer loss of money and property.

121.    The acts of the Defendant in violation of the NMUPA will likely damage Plaintiff further.

122.    The acts of the Defendant in violation of the NMUPA are ongoing.

123.    Some of the acts of the Defendant in violation of the NMUPA, like the sale of the vehicle to the Plaintiff without the ability to transfer the title, were not known to the Plaintiff until Defendant provided Plaintiff a proposed rebuild the RISC in December of 2021.

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

124.     Defendant's violation of the NMUPA were willful.

125.     Defendant is liable to the Plaintiff for up to three times Plaintiff's actual damages, attorneys fees and costs, and Plaintiff is entitled to injunctive relief barring Defendant from engaging in acts in violation of the NMUPA.

## V.     <u>RESERVATION OF RIGHTS TO AMEND</u>

No discovery has occurred in this action and the Plaintiff therefore reserves the Right to Amend their Complaint to add new parties and/or causes of action as discovery warrants.

## VI.     <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for an award of the following relief from the Defendant CARVANA, LLC as follows:

1.     Judgement against the Defendant for each of the causes set forth above, with interest at the legal rate on such amount awarded as allowed by law, pursuant to Washington State's CPA, RCW 19.86 et seq.; the FCRA, 15 U.S.C. § 1681 et seq.; and other theories and statutes in amounts to be proven at trial;

2.     Treble damages, pursuant to RCW 19.86 et seq. and 57-12-1 NMSA;

3.     Award of reasonable attorney's fees and reimbursement for all costs for the prosecution of this action under RCW 46.70 et seq.; RCW 19.86 et seq.; 15 U.S.C. § 1681; and other theories and statutes in the amount to be proven at trial;

4.     Statutory damages, pursuant to RCW 46.70.101, and 15 U.S.C. § 1681 et seq.;

5.     Assessment of civil penalties, pursuant to RCW 46.70 et seq, RCW 19.86 et seq., and as otherwise allowed by law;

6.     Injunctive relief enjoining the Defendant from engaging in the unlawful conduct described throughout this Complaint.

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com

1

7.      Restitution;

2

8.      Recission of all contractual agreements described herein with all Parties

3

associated to those agreements under UCC and as otherwise allowed by law;

4

9.      Past and future non-economic and economic damages;

5

10.     Consequential damages;

6

11.     Punitive damages, including under common law fraud, as applicable;

7

12.     Pre-judgment and post-judgment interest on the entire judgment at the highest rate

8

allowable by law; and

9

13.     Such other and further relief as the Court deems just and proper and as allowed

10

under the causes alleged herein.

11

12

Respectfully Submitted and DATED this July 15, 2022.

13

14

15

16

17

18

19

20

21

22

23

24

25

*/s/Sam Leonard*
Sam Leonard, WSBA # 46498
Leonard Law, PLLC
6040 California Ave SW, STE C
Seattle, WA 98136
PH: (206) 486-1176
sam@seattledebtdefense.com

Morgan Lake, WSBA #52789
Attorney for Defendant
3703 S. Edmunds St. #115
Seattle, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

*Attorneys for the Plaintiff, Marcella Erives*

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA #52789
3703 S. Edmunds St. #115,
Seattle, WA. 98118
PH: (360) 499-2144 FX: (206) 260-2894
Email: morgan@morganlakelaw.com