1

2

3

4

5

6

7

8

9

THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

MARCELA ERIVES, an individual,

     Plaintiff,

     v.

CARVANA, LLC, a foreign limited liability
company registered to do business in
Washington,

     Defendant.

Case No.:  2:22-cv-00791

**DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL
ARBITRATION AND DISMISS OR
STAY LITIGATION**

Noted on Motion Calendar:
August 12, 2022

17

18

19

20

21

22

23

24

25

26

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ............................................................................................................ 1

STATEMENT OF FACTS ............................................................................................... 2

I.    Erives Entered Into a Binding Arbitration Agreement with Carvana. ................................ 2

II.   Erives Commences this Action in the Wrong Forum......................................................... 4

ARGUMENT .................................................................................................................... 5

I.    The FAA Establishes a Strong Policy Favoring Arbitration................................................ 5

II.   Erives Is Bound By the Arbitration Agreement. ................................................................ 6

    A.    Erives Signed the Arbitration Agreement Along with the Contract............................ 6

    B.    Erives's Claims Are Within the Scope of the Arbitration Agreement. ........................ 8

III.  This Action Should Be Dismissed or, Alternatively, Stayed in Favor of Arbitration.......... 9

CONCLUSION ................................................................................................................. 9

DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY LITIGATION  - i

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Express Co. v. Italian Colors Rest.*,
570 U.S. 228, 233 (2013) …………..…………………………………………….. 5

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ..............................................................................................5

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
475 U.S. 643 (1986) ..............................................................................................8

*Boardman v. Pac. Seafood Grp.*,
822 F.3d 1011 (9th Cir. 2016) ..............................................................................8

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
207 F.3d 1126 (9th Cir. 2000) ..............................................................................6

*Dean Witter Reynolds v. Byrd*,
470 U.S. 213 (1985) ..............................................................................................9

*Epic Sys. Corp. v. Lewis*,
138 S. Ct. 1612 (2018) .......................................................................................5, 6

*First Options of Chi., Inc. v. Kaplan*,
514 U.S. 938, 944 (1995) ……………………………………………………… 6

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20 (1991) ................................................................................................5

*Green Tree Fin. Corp.–Ala. v. Randolph*,
531 U.S. 79 (2000) ................................................................................................1

*J.A. through Allen v. Microsoft Corp.*,
No. 20-0640, 2021 WL 1723454 (W.D. Wash. Apr. 2, 2021), *report and recommendation adopted*, No. 20-0640, 2021 WL 1720961 (W.D. Wash. Apr. 30, 2021)........................................................................................................6

*Johnmohammadi v. Bloomingdale's, Inc.*,
755 F.3d 1072 (9th Cir. 2014)..............................................................................9

*Keane v. 40 Years, Inc.*,
No. 18-1768, 2019 WL 4014769 (W.D. Wash. Apr. 11, 2019) ........................7, 8

DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY LITIGATION  - ii

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

*Lamkin v. Morinda Props. Weight Parcel, LLC*,
    440 F. App'x 604 (10th Cir. 2011)......................................................................1

*Ma v. Gross*,
    No. 20-0081, 2020 WL 4674153 (W.D. Wash. Aug. 12, 2020) ...........................9

*Mortensen v. Bresnan Commc'ns, LLC*,
    722 F.3d 1151 (9th Cir. 2013)............................................................................7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ..........................................................................................8, 9

*Newton v. Am. Debt Servs., Inc.*,
    854 F.Supp.2d 712 (N.D. Cal. 2012)..................................................................7

*Nguyen v. Barnes & Noble Inc.*,
    763 F.3d 1171 (9th Cir. 2014)............................................................................6

*Simula, Inc. v. Autoliv, Inc.*,
    175 F.3d 716 (9th Cir. 1999) .............................................................................1

*United States v. Sutcliffe*,
    505 F.3d 944 (9th Cir. 2007).............................................................................6

**Statutes**

9 U.S.C. § 2 ...................................................................................................................5

9 U.S.C. § 3 ...................................................................................................................9

9 U.S.C. § 4 ...................................................................................................................9

15 U.S.C. § 7001 ...........................................................................................................7

**Other Authorities**

*Are Electronic Signatures Legal?*, DocuSign, https://www.docusign.com/blog/are-electronic-
    signatures-legal (last visited July 9, 2022). ........................................................7

DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY LITIGATION  - iii

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Defendant Carvana, LLC ("Carvana") hereby moves to compel arbitration and dismiss or stay litigation pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and the binding arbitration agreement between Carvana and Plaintiff Marcela Erives ("Erives" or "Plaintiff").[1]

## **INTRODUCTION**

On November 29, 2020, Erives executed a Retail Purchase Agreement ("RPA") and Retail Installment Contract and Security Agreement ("RIC") (collectively, the "Contract") for the purchase of a vehicle from Carvana.[2]  In the Contract, Erives indicated that she was a resident of the State of New Mexico and agreed that the vehicle would be subject to that state's tax and registration requirements.  Erives, however, refused to take the steps necessary to register her vehicle in New Mexico, and instead demanded that the vehicle be registered in Washington State.  After rejecting Carvana's multiple good-faith efforts to facilitate this request—including an offer to reform the parties' Contract to reflect her post-contracting relocation to Washington State—Erives commenced this action against Carvana asserting claims purportedly arising from the parties' Contract and resulting relationship.

While Erives's claims lack merit, the parties previously agreed that this is not the proper forum to resolve their dispute.  Erives and Carvana are both parties to a binding Arbitration

---

[1]    In bringing this motion in lieu of a response to the FAC, Carvana does not waive any defenses, objections, or motions under applicable state or federal law, including its right to move to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b), if this Court declines to dismiss or stay this action in furtherance of arbitration. *See Lamkin v. Morinda Props. Weight Parcel, LLC*, 440 F. App'x 604, 607–08 (10th Cir. 2011) (A "defendant in a pending lawsuit may file a petition or motion to compel arbitration in lieu of an answer to the complaint" because "requiring a party to file an answer . . . in order to enforce its right **not to litigate** is a non-sequitur." (citation omitted) (emphasis in original)); *see also, e.g.*, *Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 83 (2000) (noting without challenge defendants' filing in the district court of a motion to compel arbitration "[i]n lieu of an answer"); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (recognizing that while a motion to compel arbitration is pending, "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate" (citation omitted)).
[2]    A copy of the Contract is attached as Exhibit A to the Declaration of Jordan Firman ("Firman Declaration" or "Firman Decl."), which is being filed contemporaneously with this motion.

DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY LITIGATION  - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Agreement whereby Erives agreed to resolve any claim, dispute, or controversy related to the Contract, vehicle, or the parties' relationship upon either party's election.[3]   Indeed, Erives declined to opt out of this Arbitration Agreement, despite having an opportunity to do so.

As Erives's claims are subject to the parties' binding Arbitration Agreement, Carvana respectfully requests that this Court compel Erives to arbitrate her claims pursuant to the parties' agreement and either dismiss or stay this action pending the resolution of any arbitration proceeding.

## STATEMENT OF FACTS

**I.      Erives Entered Into a Binding Arbitration Agreement with Carvana.**

Carvana is a used car retailer that sells vehicles online.  Firman Decl. ¶ 2; *accord* Pl.'s First Am. Compl. ("FAC") ¶ 3, ECF. No. 15.  On November 29, 2020, Erives executed a Contract for the online purchase and financing of a 2013 Honda Ridgeline pickup truck, vehicle identification number ("VIN") 5FPYK1F58DB012059 (the "Vehicle"), from Carvana.  *Id.* ¶ 3; *see also id.*, Ex. C at 1 (identifying execution date); Contract at 1–3 (RPA), 4–9 (RIC); FAC ¶ 8. Erives made this purchase while in New Mexico, and acknowledges that "[a] binding contract was formed when the Parties affixed their signatures" to it.  FAC ¶¶ 8, 77.

In connection with this purchase, Erives also executed on November 29, 2020 an Arbitration Agreement with Carvana.  Firman Decl. ¶ 4; *see also id.*, Ex. C at 1 (identifying execution date); Arb. at 5.  Indeed, the Contract expressly provides, just above Erives's signature, that "[t]he arbitration agreement entered into between you and [Carvana] is incorporated by reference into and is part of this Agreement."  Contract at 3.  Though executed by Erives on November 29, 2020 (*see* Firman Decl., Ex. C at 1), the Contract and Arbitration Agreement became effective on December 5, 2020.  *See* Contract at 1, 8 (noting effective date); Arb. at 5 (same).

---

[3]      A copy of the Arbitration Agreement ("Arb.") is attached as Exhibit B to the Firman Declaration.

DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY LITIGATION   - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

The first sentence of the Arbitration Agreement states: "We both agree that if we have a dispute, either of us can decide to resolve it by using arbitration."  Arb. at 1.  The Arbitration Agreement further provides that "any Claim shall be resolved, on your election or ours, by arbitration under this Agreement."  *Id.* at 3.  The term "Claim" has "the broadest reasonable meaning" and expressly includes:

> [A]ny claim, dispute our [sic] controversy between [the parties] arising from or related to one or more of the following:  (a) The Contract.  (b) The vehicle or the sale of the vehicle.  . . .  (d) The relationships resulting from the Contract.  (e) Advertisements, promotions or oral or written statements related to the Contract.  (f) The financing terms.  (g) Your credit applications.  . . .  (k) Your personal information.  (l) The rescission or termination of the Contract.

*Id.* at 2.  The parties further agreed that, "[b]ecause the Contract involves a transaction in interstate commerce, the [FAA] governs this Agreement."  *Id.* at 4.

As an online retailer, Carvana transmits to customers pertinent transaction documents for review and signature through DocuSign.  Firman Decl. ¶ 5.  This includes contract documents, such as RPAs, RICs, and arbitration agreements.  *Id.*  The DocuSign process requires a person to review and sign the agreements using his or her unique email address.  *Id.* ¶ 6.  Carvana has no access to a customer's email or DocuSign accounts.  *Id.*  Once the transmitted documents are executed, DocuSign generates a "Certificate of Completion" noting the date of signature and unique email address used.  *Id.*  DocuSign then provides a copy of the signed documents and Certificate of Completion to Carvana, and Carvana stores the documents in a secure database as part of its ordinary course of business.  *Id.*

The Certificate of Completion for the Contract and Arbitration Agreement confirms that Erives signed these documents on November 29, 2020 using her Yahoo email address: marcerives90@yahoo.com.  *Id.* ¶ 7; *see also id.*, Ex. C at 1 (Certificate of Completion with matching "Envelope Id"); Compl., Ex. C (email from Erives using same Yahoo email address), ECF No. 1-4 at 13.  Specifically, the Certificate of Completion confirms Erives executed the

DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY LITIGATION  - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Arbitration Agreement by affixing her "Pre-selected Style" signature to the customer signature line under the following bold, all-caps statement printed in large font:

> **BY SIGNING BELOW, YOU EXPRESSLY AGREE TO THE ABOVE AGREEMENT. THE AGREEMENT MAY SUBSTANTIALLY LIMIT YOUR RIGHTS IN THE EVENT OF A DISPUTE. YOU ACKNOWLEDGE RECEIVING A COMPLETED COPY OF THIS AGREEMENT.**

Arb. at 5; Firman Decl., Ex. C at 1.

The Arbitration Agreement provided Erives the right to reject the Arbitration Agreement without affecting any other aspect of the transaction by emailing or mailing a rejection notice to Carvana within 30 days of the Contract date. Firman Decl. ¶ 8; Arb. at 2. If Carvana received a rejection notice for the Arbitration Agreement from Erives, it would be stored in Carvana's records maintained in the ordinary course of business. Firman Decl. ¶ 9. Carvana has no record of receiving a rejection notice for the Arbitration Agreement from Erives. *Id.* Erives did, however, accept and make payments on the Vehicle. FAC ¶¶ 10, 20.

## II.     Erives Commences this Action in the Wrong Forum.

On May 16, 2022, Erives filed a Complaint against Carvana in the Superior Court for the State of Washington. Compl., ECF No. 1-3. Carvana timely removed the action to this Court on June 8, 2022. ECF No. 1. Prior to removal, counsel for Carvana advised Erives's counsel that the Arbitration Agreement covers Erives's claims and that Carvana has elected to resolve these claims in arbitration. Erives, however, has refused to dismiss or stay this action and arbitrate her claims as agreed.

Instead, Erives amended her pleading on July 15, 2022. ECF No. 15. In her FAC, Erives alleges that, after Carvana "delivered the subject vehicle" as promised (FAC ¶ 10), Carvana "fail[ed] to provide Washington's Department of Licensing or Plaintiff with the paperwork necessary to register the subject vehicle" in Washington State. *Id.* ¶ 13. Erives further alleges that, over the course of the parties' relationship, Carvana sent her multiple emails to facilitate registering the Vehicle. *Id.* ¶¶ 11–12. Eventually, according to Erives, Carvana offered to

DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY LITIGATION  - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

"rebuild" the parties' Contract so that the Vehicle could be registered directly in Washington without first registering the Vehicle in New Mexico. *Id.* ¶¶ 16, 18, 22. As part of this process, Erives alleges Carvana made one "hard pull" of her credit score. *Id.* ¶ 21.

Based on these allegations, Erives asserts claims against Carvana for violation of the Washington Auto Dealers Act ("ADA"), RCW 46.70 *et seq.* (Count I); fraudulent misrepresentation for unlawful transfer of a motor vehicle, citing RCW 19.116.050 (Count II); violation of Washington's "bushing" statute, RCW 46.70.180(4) (Count III); breach of contract (Counts IV and V); violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.* (Count VI); violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Count VII); and violation of the New Mexico Unfair Practices Act ("UPA"), N.M. Stat. Ann. § 57-12-1 *et seq.* (Count VIII). FAC ¶¶ 34–125. Among other relief, Erives seeks the "[r]escission of all contractual agreements" with Carvana. *Id.*, Prayer for Relief ¶ 8.

While each of Erives's claims lacks merit, they must be resolved in arbitration.

## **ARGUMENT**

### I.     **The FAA Establishes a Strong Policy Favoring Arbitration.**

Congress enacted the FAA to "reverse the longstanding judicial hostility to arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991) (citation omitted); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ("[C]ourts must place arbitration agreements on an equal footing with other contracts."). In doing so, Congress established "a liberal federal policy favoring arbitration agreements" that requires courts to "rigorously" enforce arbitration provisions "in accordance with the terms of the agreement." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (quoting 9 U.S.C. § 4; *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)); *accord Concepcion*, 563 U.S. at 339.

The FAA governs any arbitration agreement that is in "writing" and is in "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. Here, both requirements are met: (1) the Arbitration Agreement is in writing; and (2) the Contract—which incorporates the

DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY LITIGATION  - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Arbitration Agreement by reference (*see* Contract at 3)—controls the sale of a vehicle through the internet.  *See, e.g.*, *United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007) ("[T]he Internet is an instrumentality and channel of interstate commerce.").  Indeed, Erives expressly agreed that the FAA "governs this [Arbitration] Agreement" because "the Contract involves a transaction in interstate commerce."  Arb. at 4; *cf. Epic Sys.*, 138 S. Ct. at 1619 (courts must "enforce arbitration agreements according to their terms").

Accordingly, the FAA and the strong federal policy favoring arbitration apply.

## II.    Erives Is Bound By the Arbitration Agreement.

In ruling on a motion to compel arbitration, "[t]he FAA limits the district court's role to determining whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue."  *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (citation omitted); *accord Keane v. 40 Years, Inc.*, No. 18-1768, 2019 WL 4014769, at *3 (W.D. Wash. Apr. 11, 2019) (Martinez, C.J.).  "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *accord J.A. through Allen v. Microsoft Corp.*, No. 20-0640, 2021 WL 1723454, at *2 (W.D. Wash. Apr. 2, 2021) (Theiler, M.J.), *report and recommendation adopted*, No. 20-0640, 2021 WL 1720961 (W.D. Wash. Apr. 30, 2021) (Martinez, C.J.).

Because (a) Erives entered into a binding Arbitration Agreement with Carvana to arbitrate "Claims" between them upon either party's election, and (b) Erives's claims fall squarely within the scope of the Arbitration Agreement, this Court should grant Carvana's motion and compel Erives to pursue her claims in arbitration.

### A.    Erives Signed the Arbitration Agreement Along with the Contract.

To determine "whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Nguyen*, 763 F.3d at 1175 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).  However, "[a]s

DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY LITIGATION  - 6

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

arbitration is favored, those parties challenging the enforceability of an arbitration agreement bear the burden of proving that the provision is unenforceable." *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1157 (9th Cir. 2013) (citation omitted); *accord Keane*, 2019 WL 4014769, at *3.

Here, there can be no dispute that Erives entered into the valid, binding Arbitration Agreement using DocuSign.[4]  As set forth in the Certificate of Completion, Carvana sent Erives a DocuSign "Envelope" on November 29, 2020 at 11:24 AM.  Firman Decl., Ex. C at 1; *see also id.* ¶ 7.  This DocuSign Envelope contained the Contract and Arbitration Agreement.  *See id.* ¶ 7.  *Compare id.*, Ex. C at 1 (Envelope ID: 4598CA4228CE4E70885E556DDEEC3D6A), *with* Contract at 1, 4 (same), *and* Arb. at 1 (same).  The Certificate of Completion also confirms that Erives received, viewed, and signed each of these documents between 11:24 AM and 12:00 PM on November 29, 2020 using her Yahoo email address, marcerives90@yahoo.com.   Firman Decl., Ex. C at 1; *see also id.* ¶ 7; Compl., Ex. C (email from Erives using same email address), ECF No. 1-4 at 13.  Carvana has no access to customer's email or DocuSign accounts.  Firman Decl. ¶ 6.

The import of executing the Arbitration Agreement was clear and conspicuous. Immediately above where Erives affixed her digital signature, the Arbitration Agreement provided notice—in bold, all-caps, and large font—that "[b]y signing below, you expressly agree to the above [Arbitration] Agreement" and that the "Agreement may substantially limit your rights in the event of a dispute."  Arb. at 5 (emphases removed).  Erives was also given an additional 30 days post-execution to reject the Arbitration Agreement without affecting any other aspect of the transaction.  Arb. at 2.  She did not do so.  Firman Decl. ¶ 9.

---

[4]     DocuSign is "a company that is used to electronically sign documents in compliance with the U.S. Electronic Signatures in Global and National Commerce Act (ESIGN)." *Newton v. Am. Debt Servs., Inc.*, 854 F.Supp.2d 712, 731 (N.D. Cal. 2012) (describing DocuSign process); *see also Are Electronic Signatures Legal?*, DocuSign, https://www.docusign.com/blog/are-electronic-signatures-legal (last visited July 9, 2022); 15 U.S.C. § 7001.

DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY LITIGATION   - 7

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1   As Erives acknowledges, "a binding contract was formed when the Parties affixed their

2   signatures" to the agreements.  FAC ¶ 77.  Erives is therefore bound by her promise to arbitrate

3   disputes consistent with the Arbitration Agreement.

4   **B.     Erives's Claims Are Within the Scope of the Arbitration Agreement.**

5   Questions of arbitrability are to be decided "with a healthy regard for the federal policy

6   favoring arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24

7   (1983).  "[A]mbiguities regarding the scope of arbitrable issues are to be resolved in favor of

8   arbitration," *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1019 (9th Cir. 2016), and "any

9   doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration,"

10   *Moses H. Cone Mem'l*, 460 U.S. at 24–25 (citation omitted); *accord Keane*, 2019 WL 4014769,

11   at *5.  As such, "an order to arbitrate the particular grievance should not be denied unless it may

12   be said with positive assurance that the arbitration clause is not susceptible of an interpretation

13   that covers the asserted dispute."  *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S.

14   643, 650 (1986) (citation omitted).

15   Erives's claims fall squarely within the Arbitration Agreement.  Erives agreed that "any

16   Claim shall be resolved . . . by arbitration under this Agreement."  Arb. at 3.  The term "Claim"

17   has "the broadest reasonable meaning" and expressly includes "any claim, dispute, our [sic]

18   controversy" arising from or related to "the Contract," the "vehicle," the parties' "relationship

19   resulting from the Contract," any "statements related to the Contract," the "financing terms,"

20   Erives's "credit application" or "personal information," or the "rescission . . . of the Contract."

21   Arb. at 2.  Here, each of Erives's claims against Carvana arise from her purchase of the Vehicle

22   from Carvana and the parties' resulting contractual relationship.  Indeed, Erives specifically

23   alleges that Carvana breached the Contract (Count IV), for which she seeks "rescission" of the

24   Contract.  FAC ¶¶ 76–85, Prayer for Relief ¶ 8.  Erives also asserts claims related to statements

25   and representations purportedly made by Carvana regarding the Contract, its financing terms,

26   and Carvana's ability to perform.  *See, e.g.*, *id.* ¶¶ 39, 57, 72, 91, 102 (Counts I–III, V–VI).  And,

DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY LITIGATION  - 8

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Erives asserts a claim under FCRA regarding her credit application and personal credit score. *See id.* ¶ 115 (Count VII).  Each of Erives's claims thus falls squarely within the definition of "Claim" and are therefore all arbitrable pursuant to the parties' binding Arbitration Agreement.

**III.    This Action Should Be Dismissed or, Alternatively, Stayed in Favor of Arbitration.**

Where a dispute is arbitrable, the court "may either stay the action or dismiss it outright [if] the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) (citation omitted); *accord Ma v. Gross*, No. 20-0081, 2020 WL 4674153, at *2 (W.D. Wash. Aug. 12, 2020) (Martinez, C.J.).  As set forth, all of Erives's claims are within the scope of the parties' Arbitration Agreement.  *See supra* Part II.B.  As such, this action may be dismissed in its entirety.

Should this Court be disinclined to dismiss this action, respectfully, this Court must stay the action pending resolution of any arbitration proceeding.  Once a lawsuit is "referable to arbitration," the court "**shall** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (emphasis added); *accord Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985) (noting that, "[b]y its terms, the [FAA] leaves no place for the exercise of discretion by a district court"). Thus, if an arbitration agreement is governed by the FAA, and a dispute is within its scope, a court's duty is clear: it must compel the parties to comply with their arbitration agreement and stay further judicial proceedings.  *See* 9 U.S.C. §§ 3, 4; *Moses H. Cone Mem'l*, 460 U.S. at 22. Because Erives's claims are governed by the binding Arbitration Agreement, this Court must, at a minimum, "stay the trial of the action" pending arbitration.  9 U.S.C. § 3.

## CONCLUSION

For the foregoing reasons, Carvana respectfully requests that this Court compel Erives to comply with the parties' written Arbitration Agreement and either dismiss or stay this action pending the resolution of any arbitration proceeding.

DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY LITIGATION   - 9

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1                           Respectfully submitted,

2    Presented by:               COZEN O'CONNOR

3                           */s/ Robert D. Lee*

4                           Robert D. Lee, WSBA No. 46682
999 Third Avenue, Suite 1900

5                           Seattle, Washington 98104
rlee@cozen.com

6                           Max E. Kaplan (*pro hac vice*)

7                           Mira E. Baylson (*pro hac vice*)
1650 Market Street, Suite 2800

8                           Philadelphia, PA 19130
mkaplan@cozen.com

9                           mbaylson@cozen.com

10                        *Attorneys for Defendant Carvana, LLC*

11   DATED:  July 15, 2022

DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY LITIGATION   - 10

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I caused the foregoing to be filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Sam Leonard, WSBA # 46498
LEONARD LAW, PLLC
6040 California Ave SW, STE C
Seattle, WA 98136
PH: (206) 486-1176
sam@seattledebtdefense.com

Morgan L. Lake, WSBA #52789
LAKE LAW, PLLC
3703 S. Edmunds St. #115
Seattle, WA 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

*Attorneys for Plaintiff, Marcella Erives*

DATED:  July 15, 2022.

*/s/ Robert D. Lee*
Robert D. Lee, WSBA No. 46682

DEFENDANT CARVANA, LLC'S
MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY LITIGATION

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000